# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE JUSTE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-549 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| UNITED STATES POSTAL SERVICE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER TRANSFERRING CASE

On May 1, 2018, Plaintiff Andre Juste filed a Motion for Leave to Proceed in Forma Pauperis in which he attached a Complaint. (Doc. 1). In his Complaint, Plaintiff alleges that he is currently being detained in Batavia, New York, pending immigration removal proceedings. Plaintiff is suing the United States Postal Services ("USPS"), an unidentified mail clerk ("Unidentified Clerk" or "Clerk") and the mail clerk's office ("Clerk's Office"). Plaintiff alleges that Defendant USPS is located at 1720 Market Street, St. Louis, MO 63182, Defendant Clerk's residency is unknown, but works in Batavia, New York, and that Defendant Clerk's Office is located in the Buffalo Federal Detention Facility.[1]

In cases such as this one—where subject matter jurisdiction is not founded on the parties' diversity—the federal venue statute holds venue proper only in the following districts:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in

---

[1] The Court is examining venue *sua sponte*. It offers no opinion as to the merits of the underlying cause of action, including whether Plaintiff can state a claim against the named Defendants.

this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such matters.

28 U.S.C. § 1391(b).

The Court finds that venue is improper in this district. Rather, venue is appropriate in the United States District Court for the Western District of New York because Plaintiff alleges that a "substantial part of the events or omissions giving rise to the claim occurred" there, *i.e.*, where his mail was allegedly confiscated. 28 U.S.C. § 1391(b).[2] In contrast, no events or omissions occurred in this district and no Defendant is alleged to reside in this district. In sum, this district is an improper venue under § 1391(b) for the claims brought in this lawsuit.

Having determined that venue in this case is improper in this district, the Court must decide whether to dismiss the case or transfer the case to a district where venue is properly laid pursuant to 28 U.S.C. § 1406(a). That statute provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

As in initial matter, it is clear that this action could have been brought in the Western District of New York. Next, the Court must choose whether to transfer the case to the Western District of New York or dismiss the case outright. "In most cases of improper venue, the courts conclude that it is in the interest of justice to transfer to a proper forum rather than to dismiss the litigation." 14D Wright & Miller § 3827 at 540 (4th Ed. 2013); see also Holiday v. Bally's Park Place, Inc., No. 06-4588, 2007 WL 2600877, at *2 (E.D. Pa. Sept. 10, 2007) ("Generally, transfer to a proper forum is preferable to outright dismissal because it prevents repetitive motion

---

[2] The Court evaluates this under the second prong of the venue statute as Plaintiff contends that all of the Defendants do not reside in the same state. Given the allegations, however, it is quite likely that Plaintiff is incorrect in that assessment and all Defendants do, in fact, reside in New York.

practice and unnecessary costs."). This case is no different. Transfer in this case will save the time and expense associated with initiating a new lawsuit. See Decker v. Dyson, 165 Fed. Appx. 951, 954 n.3 (3d Cir. 2006) (district court may *sua sponte* transfer under § 1406(a)).

For the reasons set forth herein, it is hereby ORDERED that the Clerk of Court shall TRANSFER this case to the United States District Court for the Western District of New York FORTHWITH.

IT IS SO ORDERED.


May 16, 2018 s/Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via ECF email notification):

All Counsel of Record

Via First-Class United States Mail to:

ANDRE JUSTE
4250 Federal Drive
Batavia, NY 14020